HENNESSEY *v.* HELGASON *et al.*

(Division B. Jan. 8, 1934.)

[151 So. 724. No. 30691.]

**Vollor & Teller,** of Vicksburg, for appellant.

Robbins & Smith, of Vicksburg, for appellees.

Argued orally by **Landman Teller**, for appellant, and by **N. Vick Robbins**, for appellees.

**Ethridge, P. J.**, delivered the opinion of the court.

John A. Hennessey, doing business under the name and style of ''P. L. Hennessey & Brother,'' and conducting an insurance agency, brought suit against Julia Ellen Helgason, Mattie H. Johnson, W. I. McKay, trustee, and C. W. Thigpen, trustee, and the First National Bank & Trust Company, for certain premiums of insurance on property mortgaged to T. A. Helgason and to Mattie H. Johnson. T. A. Helgason, the mortgagee in the first deed of trust, died, and Julia Ellen Helgason succeeded to his rights. The mortgages contained clauses requiring the owners to insure the property for the benefit of the mortgagees in stipulated amounts. The mortgages were given in 1926 and covered annual payments for a period of nine years, and required the owners to carry insurance in the sum of four thousand dollars in one policy, and four thousand dollars in a second policy, in some safe, solvent insurance policy, payable to the mortgagees, or the trustees for the mortgagees' benefit, as their interest might appear, and provided that, if they failed to procure such insurance, the trustees, or the holder of the instruments, should pay the premiums and consider such payments as part of the indebtedness secured by the mortgages.

The policies of insurance were issued and the premi-

ums thereon were paid by the mortgagors up to the year 1929, during which year a policy for four thousand dollars, with premium amounting to seventy-three dollars and fifty cents thereon, was issued to run for one year, and the premium was not paid. On January 26, 1930, a policy for three thousand dollars, premium amounting to fifty dollars, was issued to run for one year, and the premium was not paid. On March 4th a policy for four thousand dollars, premium amounting to sixty-six dollars, was issued to run for one year, and the premium was not paid. On January 26, 1931, a policy for three thousand dollars, premium amounting to fifty dollars, was issued, and the premium was not paid. On March 4, 1931, a four thousand dollar policy was issued, premium amounting to seventy-two dollars, which premium was not paid by the mortgagor.

The declaration which was filed on December 1, 1932, with waiver of process, alleges that repeated demands have been made upon the mortgagors for the payment of the premiums due, but that said mortgagors failed, refused, and neglected to pay same.

The declaration was demurred to, and the demurrer was sustained. It will be noted from reading section 5185, Code 1930, that each fire insurance policy taken out by a mortgagor in a deed of trust shall have attached thereto, or shall contain, a clause providing that the loss or damage shall be payable to the mortgagee or trustee, and that the insurance, as to the interest of the mortgagee, shall not be invalidated by any act or neglect of the mortgagor, nor by any foreclosure or other proceeding, or notice of sale relating to the property, nor by any change in the title or ownership of the property; nor by the occupation of the premises for more hazardous purposes than permitted by the policy; and, in case the mortgagor fails to pay the premiums due on the policy, the mortgagee, on demand, shall pay the same.

It is also provided that the mortgagee shall notify the company of any change of ownership of the property, or increase of hazard, and shall pay the premium for such increased hazard for the term of the use thereof; otherwise the policy shall be null and void. The statute reserves the right to the insurance company to cancel the policy at any time, but that, in such case, the policy shall continue in force for the benefit only of the mortgagee for ten days after notice to the mortgagee of such cancellation, and shall then cease and the company shall have the right to cancel the agreement. The statute also provides that, in case there is other insurance on the property, the company shall not be liable under its policy for a greater proportion of any loss than the sum of its policy bears to the whole amount of insurance.

In Bacot v. Phœnix Ins. Co., 96 Miss. 223, 50 So. 729, 25 L. R. A. (N. S.) 1226, Ann. Cas. 1912B, 262, it was held that the mortgage clause of the statute above referred to has the effect of making an independent contract in favor of the mortgagee. In other words, the effect is to issue two policies, one to the mortgagor for the difference between the mortgage debt and the amount of the policy and the other in favor of the mortgagee to the extent of his debt.

What effect is to be given to the statute's words, "shall on demand, pay the premium"? The statute does not fix any period of time at which the demand shall be made, and we must determine from the statute what is meant by the provision.

We are of the opinion that both the mortgagor and the mortgagee are liable to the insurance company, the obligation of the mortgagor being primary, and that of the mortgagee being in the nature of a surety or guaranty. We think that the demand must be within a reasonable time after neglect or failure of the mortgagor to pay the premium.

What is a reasonable time in which the demand must be made is a question of fact to be tried and determined by the trier of facts. Therefore we think that the court below should have overruled the demurrer, and should have determined, after the pleadings were finally settled in the manner provided by law, whether the demand was made within a reasonable time in this case.

As the case is here on declaration and demurrer, we do not decide whether the demand was seasonably made. That can be better determined on the whole pleadings and the evidence. The judgment of the court below, therefore, is reversed, and the cause remanded for further procedure.

Reversed and remanded.

**Anderson, J.,** takes no part.