313 So.2d 404 (1975)
HARTFORD FIRE INSURANCE COMPANY
v.
ASSOCIATES CAPITAL CORPORATION.
No. 48093.
Supreme Court of Mississippi.
May 25, 1975.
*405 Watkins & Eager, Jackson, for appellant.
Thomas W. Sanford, Jackson, for appellee.
Before RODGERS, INZER and WALKER, JJ.
RODGERS, Presiding Justice:
The appellee, Associates Capital Corporation, filed suit against the Hartford Fire Insurance Company upon an insurance contract issued to Wayne Stone in which the plaintiff was named mortgagee. The Circuit Court of the First Judicial District of Hinds County transferred the case to the Chancery Court of the First Judicial District of Hinds County on the motion of the defendant, and Wayne Stone was added as a necessary party defendant in the bill of complaint filed in the chancery court. An amended bill of complaint was filed so as to correct the name of the plaintiff in the policy. A stipulation was filed by the defendant insurance company in which it was agreed that the "loss-payable clause" should have been attached, wherein it was stated that the loss was payable "to Associates Capital Corporation as interest may appear, subject, however, to all the terms and conditions of this policy."
The insurance company filed its answer in which it denied liability under the terms of the policy and the stipulation because it contended that the insured Wayne Stone had the property destroyed by fire, and that since he concealed this fact and other facts from the insurance company, he could not recover under the terms of the policy and under the terms of the stipulation, and thus, the "loss payee" could not recover. Interrogatories were propounded and answers filed by the parties, including interrogatories to Wayne Stone. Mr. Stone filed a disclaimer to the proceeds of the policy, but alleged that the Associates Capital Corporation was entitled to the proceeds as "loss payee." The complainant moved the court for permission to withdraw *406 the stipulation as to the "loss payee" form added to the original policy, and, after a hearing on the objection filed by the insurance company, the chancellor permitted the complainant to withdraw the stipulation and to file a second amended bill of complaint "to correct deficiencies" in the previous bill of complaint.
The insurance company answered the second amended bill of complaint and alleged that the insured Wayne Stone caused the insured property to be destroyed by fire, and that he concealed these facts from the insurance company; and, therefore, under the terms of the policy, the insurance company was not liable. The insurance company made its answer a cross-bill and requested the court to reform the insurance policy so as to make the policy cover "the holder of a lien on personal property." The complainant filed an answer to the affirmative matter set out in the answer, so as to deny that the policy should be reformed to show the "loss-payable clause" sought to be made a part of the insurance policy. The complainant also filed an answer to the cross-bill essentially denying the claim of the insurance company to reform the insurance policy. The insurance company finally amended its answer to claim that the insured concealed certain facts of arson in an oral examination after suit was filed.
Deposition of Billy Lee Koonce, the insurance agent who issued the policy, was taken to indicate his intention to add the "loss-payable clause" to the policy issued.
The case was called for trial on May 24, 1973, during a regular term of court, at which time witnesses for the complainant and defendant were duly sworn and interrogated. The insurance company amended its answer to allege that the complainant swore falsely as to the total loss of insured property.
Billy Traxler and Archie Maddox testified that the insured Wayne Stone employed them to burn the insured property. This was denied by the owner Wayne Stone.
The insurance agent Koonce testified that in his opinion the property was not totally destroyed by fire. There was other testimony which showed that after notice was given to the attorney for the insurance company, the salvage of the destroyed property was in fact sold for two thousand five hundred dollars ($2,500.00).
The chancellor, after having heard the testimony, was of the opinion that the insurance company did not meet the burden of proving that the insured was implicated in the burning of the insured property. The court was also of the opinion that the appellee Associates Capital Corporation did not willfully conceal any material facts as to the value of the property destroyed. The chancellor denied the application of the insurance company to reform the policy so as to add the "short form" of the "loss-payable clause" to the policy in which the loss was payable to "loss payee as interest may appear." The court also held that although the name of Associates Capital Corporation was set out in the policy as Associates Capital Loan, nevertheless, there could be no question from the testimony that the appellee was the mortgagee, or payee, in the policy.
The appellant insurance company has set out eleven assignments of error on which a reversal of this case is sought. We have examined the record and authorities cited by the parties, and we are of the opinion that the chancellor was correct in rendering his decree for the Associates Capital Corporation for the sum of sixteen thousand one hundred dollars ($16,100.00) for the following reasons.
If the chancellor were correct in holding that the insured was not a party to the destruction of the insured property, the "mortgagee" or "loss payee" was entitled to the proceeds of the property either as "its interest may appear" or as a direct contractual obligation to it from the insurance *407 company. The mere fact that the persons who were guilty of arson said that the owner of the property employed them to burn the property does not necessarily make it true. The trial court was the judge of the weight and worth of the testimony. However, as we see it, the question as to whether or not the insured was involved in the destruction of the insured property is not the primary issue presented on this appeal.
The appellant has raised several collateral issues with reference to comments made by the chancellor in his opinion, that "arson must be shown by clear evidence," that the insured's reputation was "none other than good," and that the insured "had been acquitted of the crime of arson." These collateral issues are based upon the proposition that the alleged arson of the insured is a defense to the suit filed by the named "mortgagee." We do not agree with this theory under the facts in this case.
The real issues in this case are: (1) whether or not the chancellor should have permitted the policy to have been reformed; and (2) whether or not the policy, as written, permits a recovery for the loss of the insured's personal property.
The general rule of law in insurance cases is that, under a simple "loss-payable" or "open-mortgage clause" in an insurance policy payable to the mortgagee "as his interest may appear," the mortgagee is only entitled to receive the amount due him on his mortgage out of the funds recovered by or due to the insured. Such a "loss-payable clause" does not make the mortgagee a party to the contract. Coahoma County Bank & Trust Co. v. Feinberg, 241 Miss. 381, 128 So.2d 562 (1961). See Annot., 24 A.L.R.3d 436, 437, § 2 (1969); 43 Am.Jur.2d Insurance § 766, at 748 (1969).
On the other hand, where the "union" or "standard mortgage clause" is included in an insurance policy, the mortgagee is entitled to the proceeds of the policy, and the mortgagee's right to recover will not be invalidated by the act or negligence of the mortgagor of the insured's property. That is to say, no act or default of any person other than the mortgagee or those claiming the proceeds under the mortgagee shall affect the rights of the mortgagee to recover in case of loss. See Annot., 24 A.L.R.3d 436, 439, § 3 (1969); 43 Am.Jur.2d Insurance § 768, at 750 (1969).
Some courts have gone so far as to hold that the union or standard mortgage clause in an insurance policy is in effect an independent contract between the insurance company and the mortgagee where the mortgagee is permitted to pay the premiums. See Hennessey v. Helgason, 168 Miss. 834, 151 So. 724 (1934); Mechanics and Traders Ins. Co. v. Boyce, 114 Miss. 165, 74 So. 821 (1917); Bacot v. Phoenix Ins. Co., 96 Miss. 223, 50 So. 729 (1909). See also Annot., 24 A.L.R.3d 436, 439 (1969); Annot., 124 A.L.R. 1034, 1038 (1940); Annot., 45 A.L.R. 597, 598 (1926); 43 Am.Jur.2d Insurance § 768, at 750 (1969).
These two clauses: the simple "loss-payable" or "open-mortgage clause," and the "union" or "standard mortgage clause" are known as Mississippi Form 23 and Form 25, respectively, the last of which was incorporated in our statutory law in Mississippi Code Annotated Section 83-13-9 (1972).
In the instant case, the insurance company wrote and delivered a policy of insurance in which the appellee was named as the mortgagee under the terms of the policy of "$19,000  on the contents in the one story frame approved roof building."
The policy here involved clearly makes the appellee the mortgagee and further states that the mortgage clause is "subject to the provisions of the mortgage clause attached hereto, loss, if any on building items shall be payable to (insert name) of mortgagee... ."
The policy insured the contents of the building and made the loss payable under *408 the mortgage clause to the appellee. Section 16 of the policy is in the following language:
"Loss or damage, if any, under this policy, (ON BUILDINGS) shall be payable to the mortgagee (or trustee), named in this policy, as interest may appear, and this insurance as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy, and in case the mortgagor or owner shall neglect to pay any premium due under this policy the mortgagee (or trustee) shall, on demand, pay the same."
The right of the mortgagee to recover for the loss of the contents is not restricted by the policy to the right of the insured to recover unless, of course, the failure of the insurance agent to attach to the original policy the "loss-payable clause [Mississippi Form No. 23] was in fact a mutual mistake so that the policy should have been reformed to include Mississippi Form 23. Even in that case, however, it would have been necessary (as a prerequisite) for the trial court to have determined that the insured owner was not entitled to recover for the loss of the destroyed property in order to have forfeited the right of the mortgagee.
In order to reform a contract upon the ground of mutual mistake, there must have been a mutual mistake and not merely a mistake of one of the parties. United States Fidelity and Guaranty Company v. Gough, 289 So.2d 925 (Miss. 1974); 66 Am.Jur.2d Reformation of Instruments § 22, at 549-51 (1973). Moreover, the evidence must be clear and convincing. Lamar v. Lane, 170 Miss. 260, 154 So. 709 (1934); St. Paul Fire & Marine Ins. Co. v. McQuaid, 114 Miss. 430, 75 So. 255 (1917); Mosby v. Wall, 23 Miss. 81 (1851); 66 Am.Jur.2d Reformation of Instruments § 123, at 647-50 (1973). We have even said that the proof must establish mutual mistake beyond a reasonable doubt. Rogers v. Clayton, 149 Miss. 47, 115 So. 106 (1928); Progressive Bank v. McGehee, 142 Miss. 655, 107 So. 876 (1926).
We cannot say from the testimony in this case that the chancellor was manifestly in error in refusing to reform the insurance policy to include the "short form" of the "loss-payable clause." From an examination of the authorities cited and from the record presented, we are of the opinion that the chancery court made no reversible error in the trial of the case and that his conclusions and the decree of the chancery court were correct and must be affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.