387 So.2d 1081 (1980)
Ira MAY
v.
MARKET INSURANCE COMPANY et al.
No. 65635.
Supreme Court of Louisiana.
March 3, 1980.
*1082 Oscar W. Boswell, II, Reggie, Harrington & Boswell, Crowley, for intervenor-applicant, Louisiana Bank and Trust Co.
Arthur I. Robison, Allen, Gooch & Bourgeois, A Professional Law Corporation, Lafayette, for defendants-respondents.
MARCUS, Justice.[*]
Ira May instituted this action against several insurance companies to recover for a fire loss covered under certain insurance policies issued by them. Plaintiff also sought penalties and attorney's fees. Louisiana Bank and Trust Company intervened as mortgagee of the insured property claiming part of the insurance proceeds under the mortgage clauses of the insurance policies, plus penalties and attorney's fees.
After trial on the merits, the court concluded that the fire loss was in excess of the total insurance coverage and that defendants had arbitrarily, capriciously and without probable cause failed to make payment within sixty days after receipt of satisfactory proofs of loss and demands therefor. Accordingly, the trial court rendered judgments in favor of plaintiff and against defendants for the full amounts of their respective insurance policies, plus penalties and attorney's fees. Judgment was also rendered in favor of intervenor and against plaintiff for the remaining secured debt owed by plaintiff at the time of the judgment [1] to be paid from the proceeds received by plaintiff from defendants. The trial court also awarded intervenor judgment against defendants for attorney's fees. Defendants appealed. Intervenor answered the appeal.
The court of appeal affirmed the trial court judgment insofar as it awarded to *1083 plaintiff the full limits under the policies with statutory penalties and attorney's fees as against each insurer; however, it reduced the award of attorney's fees to plaintiff, amended the trial court judgment as to the date from which legal interest began on the face amounts of certain of the policies, and reversed the trial court judgment insofar as it awarded attorney's fees to intervenor.[2] Plaintiff and intervenor applied to this court for writs of certiorari. We denied plaintiff's application,[3] but granted that of intervenor[4] to consider whether intervenor is entitled to penalties and attorney's fees from defendants.
La.R.S. 22:658 provides:
All insurers issuing any type of contract other than [life and health and accident insurance] shall pay the amount of any claim due any insured including any employee under [the workmen's compensation law] within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount. Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney's fees.
Under the above statute, in order for intervenor to be entitled to recover penalties and attorney's fees from the insurers, intervenor must be an "insured" within the meaning of said statute.[5]
Intervenor's right to the insurance proceeds arises under the mortgage clauses of the several insurance policies. Mortgage clauses fall into two forms, the open or simple mortgage clause and the standard or union mortgage clause. The simple mortgage clause merely provides in effect that the proceeds of the policy shall be paid first to the mortgagee as his interest may appear; but the so-called standard or union mortgage clause is somewhat more specific in that it also provides that the mortgagee shall be protected against loss from any act or neglect of the mortgagor or owner, so that it shall not defeat the insurance so far as the interest of the mortgagee is concerned. Couch on Insurance § 42:648 (2d ed. 1963).
In the instant case, the several mortgage clauses are identical and provide:
Loss or damage, if any, under this policy (on building) shall be payable to the mortgagee (or trustee) named in this policy, as its interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property nor by the occupation of the *1084 premises for purposes more hazardous than are permitted by this policy. Provided that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.
Provided, also, that the mortgagee (or trustee) shall notify this Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee), and unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of use thereof; otherwise this policy shall be null and void.
This Company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit of the mortgagee (or trustee) for ten days after notice to the mortgagee (or trustee) of such cancellation, and shall then cease, and this Company shall have the right, on like notice, to cancel this agreement.
Whenever this Company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this Company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made under all securities held as collateral to the mortgage debt, or may at its option pay to the mortgagee (or trustee) the whole principal due, or to grow due, on the mortgage, with interest and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of his, her or their claim.
Clearly, these mortgage clauses are standard mortgage clauses. Intervenor is the named mortgagee in each of the policies.
Concerning the effect of the standard mortgage clause, Couch, supra § 42:694 provides:[6]
Under the standard or union mortgage clause, an independent or separate contract or undertaking exists between the mortgagee and the insurer, which contract is measured by the terms of the mortgage clause itself. There are accordingly in substance two contracts of insurance, the one with the mortgagee, and the other with the mortgagor.
The mortgagee does not have the status of a beneficiary, and the effect is the same as though the mortgagee had procured a separate policy naming himself as the insured.
The consideration for the insurer's undertaking with respect to the mortgagee under the standard clause is the consideration for which the policy was itself issued to the mortgagor, and a standard mortgage clause creates a separate contract between the insurer and the mortgagee, and is enforceable by the mortgagee, even though it is merely engrafted onto the policy delivered to the mortgagor. [Footnotes omitted.]
The jurisprudence of this state is in accord with the view that a standard mortgage clause creates a separate contract of insurance between the insurer and the mortgagee. In Capital Building & Loan Ass'n v. Northern Ins. Co., 166 La. 179, 116 So. 843 (1928), we permitted a mortgagee who sued for a fire loss under a standard mortgage clause to recover penalties and attorney's fees as provided by statute. Three years later, in Hardy v. Commercial Standard Ins. Co., 172 La. 500, 134 So. 407 (1931), we again faced the issue of whether a mortgagee under a mortgage clause may collect statutory penalties and attorney's fees. We stated:

*1085 The extent of its [mortgagee's] interest was the amount of its debt with interest and attorneys' fees. Beyond that, it had no claim on the policy or its proceeds. The fact that it held the policy under such conditions did not make it an assured.
In the instant case, the court of appeal concluded that Hardy rejected the holding in Capital by denying the mortgagee's claim for statutory penalties. We do not agree. Hardy did not involve interpretation of rights under a standard mortgage clause; the mortgage clause was of the open or simple variety. The difference between the two types of clauses was restated only one year after Hardy in Officer v. American Eagle Fire Ins. Co., 175 La. 581, 143 So. 500 (1932). While Officer involved a simple mortgage clause, the court stated in dicta (quoting Collinsville Savings Society v. Boston Ins. Co., 77 Conn. 676, 60 A. 647 (1905)) that, where the insurance policy contains a standard or union mortgage clause, as in the instant case, the effect is
to bring the insurer and the mortgagee into relations of privity, to convert the mortgagee into a party to the contract of insurance, to give to the mortgagee separate and distinct protection to his interest, to create in him an interest under the policy distinct from that of the property owner and to in fact make him the assured. [Emphasis added.]
We further noted in Officer that
the authorities are "unanimous in holding that a union mortgage clause in a policy of insurance operates as a separate and independent insurance of the mortgagee's interest." [Quoting Annot., 25 L.R.A. (N.S.) 740 (1910).]
Where separate and independent insurance of the mortgagee's interest exists, there must be both an insurer and insured. Therefore, we consider intervenor to have been constituted an insured by the inclusion of the standard mortgage clauses in the insurance policies. Accordingly, we hold intervenor to be an insured within the meaning of La.R.S. 22:658 and as such entitled to penalties and attorney's fees from defendants based on the share of insurance proceeds that should have been paid to it within sixty days after receipt by defendants of satisfactory proofs of loss and demands therefor.[7]
Although the trial court did award intervenor attorney's fees, there is no evidence in the record sufficient to sustain that award, which was solely based upon a stipulation between plaintiff and intervenor as to the attorney's fees due on the mortgage between them. The stipulation is irrelevant to a determination of reasonable attorney's fees under La.R.S. 22:658 which provides for attorney's fees for prosecution and collection of insurance proceeds. Additionally, the trial court made no finding as to the share of the insurance proceeds that should have been paid to intervenor within sixty days after receipt of satisfactory proofs of loss and demands therefor. Accordingly, we must remand the case to the trial court for these determinations.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed insofar as it denied intervenor penalties and attorney's fees and the case is remanded to the district court for a determination of these amounts; otherwise, the judgment of the court of appeal is affirmed.
BLANCHE, J., dissents and will hand down reasons.
NOTES
[*] Chief Judge Paul B. Landry, retired, participated in this decision as an Associate Justice Ad Hoc.
[1] The secured debt had been reduced since the institution of this action by the application of deposits made by two of the defendants and by proceeds of an unrelated sheriff's sale of property belonging to plaintiff.
[2] 373 So.2d 763 (La.App. 3d Cir. 1979).
[3] 376 So.2d 960 (La. 1979).
[4] 376 So.2d 958 (La. 1979).
[5] The lower courts have concluded that the insurer arbitrarily, capriciously and without probable cause failed to pay within sixty days after receipt of satisfactory proofs of loss and demands therefor. Defendants did not apply for writs to this court. Therefore, those issues are final and cannot be reviewed by this court. Polizzi v. Lotz, 240 La. 734, 125 So.2d 146 (1960); Labat v. Labat, 232 La. 627, 95 So.2d 129 (1957); Bertucci v. Bertucci, 224 La. 364, 69 So.2d 502 (1953). Accordingly, we need only consider whether intervenor is an "insured."
[6] Accord, Peerless Ins. Co. v. Bailey Mortgage Co., 345 F.2d 14 (5th Cir. 1965); Citizens State Bank v. American Fire & Cas. Co., 198 F.2d 57 (5th Cir. 1952); Federal Ins. Co. v. Tamiami Trial Tours, Inc., 117 F.2d 794 (5th Cir. 1941); Home Ins. Co. v. Currie, 54 F.2d 203 (5th Cir. 1931); National Cas. Co. v. General Motors Accept. Corp., 161 So.2d 848 (Fla.App.1964); Hennessey v. Helgason, 168 Miss. 834, 151 So. 724 (1934); Haskin v. Greene, 205 Or. 140, 286 P.2d 128 (1955).
[7] We realize that the effect of this decision will be to make defendants pay double penalties on the share of the proceeds that were owed to intervenor. In the ordinary case, penalties are prorated between the insureds as their respective interests appear. In the instant case, however, defendants were cast in judgment for penalties owed to plaintiff and did not apply to this court for writs. Therefore, we cannot reduce the award of penalties made to plaintiff.