387 So.2d 118 (1980)
HIGHLANDS INSURANCE COMPANY and Amco Underwriters
v.
Mrs. Jean Davis McLAUGHLIN, Administratrix of the Estate of Ralph E. McLaughlin, Deceased.
No. 52118.
Supreme Court of Mississippi.
September 3, 1980.
*119 Watkins & Eager, James L. Carroll, Virginia T. Munford, Jackson, for appellants.
Cain, Cain & Ritchey, J.M. Ritchey, Canton, for appellee.
Before ROBERTSON, WALKER and BOWLING, JJ.
ROBERTSON, Presiding Justice, for the Court:
Highlands Insurance Company and Amco Underwriters appeal from a judgment for $8,507.77 rendered against them and in favor of Jean Davis McLaughlin, Administratrix of the Estate of Ralph E. McLaughlin, deceased, by the Circuit Court of Madison County, sitting without a jury.
Highlands, through Amco, issued a fire and extended coverage insurance policy to Charlie Gray Auto Mart, Canton, Mississippi, covering the building occupied by the Auto Mart, and the contents and equipment of the Mart located in the building.
The first page of the policy contained this mortgage clause:
Subject to the provisions of the mortgage clause attached hereto, loss, if any, on building items, shall be payable to:

Ralph McLaughlin 710 East Kathy Circle Canton, MS 39046
(Emphasis added).
The auto repair shop was damaged by fire on November 18, 1977. The building sustained damages of $8,507.77, and the contents and equipment damages of $4,647.
A draft was issued by Highlands for $13,154.77, the total of damages to the building and contents, which draft was made payable to Charlie Gray and Ralph McLaughlin. McLaughlin refused to endorse the draft and called on Noble and Fortenberry, Inc., soliciting agents for Highlands, to issue a separate draft for the damages to the building only. Highlands then issued its draft payable to Charlie Gray Auto Mart for damages to the contents only, and a separate draft for $8,507.77 for damages to the building only, which draft recited: "Upon acceptance pay Charlie Gray Auto Mart; Ralph McLaughlin". This draft was delivered to Charlie Gray. He erased Ralph McLaughlin's name as joint payee, endorsed the draft "Charlie Gray Auto Mart," cashed it, and used the entire proceeds for Charlie Gray only. Ralph McLaughlin never received any part of these proceeds.
When McLaughlin demanded payment from Highlands Insurance Company, Highlands refused to pay, contending that it had made the settlement draft for $8,507.77 payable to both Charlie Gray and Ralph McLaughlin, that the draft had been paid, and McLaughlin should look to Charlie Gray for recovery. McLaughlin then brought suit against Highlands, and, upon his death, the suit proceeded to judgment in the name of Mrs. Jean Davis McLaughlin, Administratrix of the estate of Ralph E. McLaughlin, Deceased.
Appellants assign as error:
I. The trial court erroneously based its judgment upon a finding which was *120 outside the issues as framed by the pleadings and proof below, when it held that Highlands breached its duty to inspect the draft for proper endorsements and thereby was liable to McLaughlin.
II. Moreover, the trial court erred in applying the substantive law by holding that Highlands breached its legal duty toward McLaughlin.
We affirm.
The policy itself, on the first page, provided:
"Subject to the provisions of the mortgage clause attached hereto, loss, if any, on building items, shall be payable to:
 Ralph McLaughlin
 710 East Kathy Circle
 Canton, MS 39046"
(Emphasis added).
This constituted a separate and independent contract with the mortgagee, McLaughlin, only. National Security Fire and Casualty Co. v. Mid State, 370 So.2d 1351 (Miss. 1979).
This mortgage clause was required by this provision of MCA section 83-13-9 (1972):
"Each fire insurance policy on buildings taken out by a mortgagor or grantor in a deed of trust shall have attached or shall contain substantially the following mortgagee clause, viz: Loss or damage, if any, under this policy, shall be payable to (here insert the name of the party), as ____ mortgagee (or trustee), as ____ interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor ..." (Emphasis added).
In Hartford Fire Insurance Co. v. Associates Capital Corp., 313 So.2d 404 (Miss. 1975), this Court said:
"On the other hand, where the `union' or `standard mortgage clause' is included in an insurance policy, the mortgagee is entitled to the proceeds of the policy, and the mortgagee's right to recover will not be invalidated by the act or negligence of the mortgagor of the insured's property. That is to say, no act or default of any person other than the mortgagee or those claiming the proceeds under the mortgagee shall affect the rights of the mortgagee to recover in case of loss. See Annot., 24 A.L.R.3d 436, 439, § 3 (1969); 43 Am.Jur.2d Insurance § 768, at 750 (1969)." 313 So.2d at 407. (Emphasis added).
Highlands contends that, when McLaughlin agreed that Gray's name could also be included as a joint payee in the draft for $8,507.77, McLaughlin thus impliedly agreed that the draft could be delivered to Charlie Gray only. Highlands contends that when the draft was delivered to Gray it was delivered to McLaughlin's agent. No where in its answer does Highlands plead that Gray was the authorized agent of McLaughlin to receive the draft for the fire loss. Highlands, in its answer, merely says:
"[T]hat a check in the amount of $8,507.77 was tendered and delivered to Gray, the owner, as insured; that Charlie Gray never gave the proceeds of such check over unto Ralph E. McLaughlin, but instead removed Ralph E. McLaughlin's name as payee from the face of the check and converted the proceeds of such check to his own uses."
Neither was there any proof offered that Gray was the agent of McLaughlin.
The burden of proving an agency relationship rests squarely upon the party asserting it, in this case Highlands. The mere fact that McLaughlin agreed that Gray's name could be included in the draft as a joint payee does not justify Highland's conclusion that Gray was thus constituted by McLaughlin as his agent for delivery. United States Fidelity and Guaranty Co. v. Arrington, 255 So.2d 652 (Miss. 1971).
When Highlands disregarded the express provisions of its separate and independent contract with McLaughlin by delivering its settlement draft to Gray only, it did so at its own risk. It took a chance and lost, due to Gray's dishonesty and criminal conduct.
The trial court correctly decided that Highlands breached its legal duty to *121 McLaughlin and that Highlands should pay the injured party for its breach of duty.
On his cross-appeal, the trial court correctly decided that McLaughlin was not entitled to interest on the amount due from December 29, 1977, the date of the draft to Charlie Gray Auto Mart and Ralph McLaughlin, because there was a legitimate and justifiable dispute between Highlands and McLaughlin. Grace v. Lititz Mutual Insurance Company, 257 So.2d 217 (Miss. 1972).
The judgment of the trial court is, therefore, affirmed on direct and cross appeals.
AFFIRMED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.