UNITED STATES FIDELITY AND GUARANTY COMPANY, Plaintiff,

v.

PORT GIBSON BANK, et al, Defendants.

Civ. A. No. W85–0008(B).

United States District Court, S.D. Mississippi, W.D.

June 5, 1986.

Richard T. Lawrence, Jackson, Miss., for plaintiff.

Daniel E. Lynn, Asst. U.S. Atty., Robert G. Germany, E. Clifton Hodge, Jr. and Walker W. Jones, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

### BARBOUR, District Judge.

This declaratory judgment action was brought by United States Fidelity and Guaranty Company (U.S.F. & G.), seeking an adjudication that it has no liability to the insured, Defendant Norman Ballard, and various of his creditors, including Defendant Port Gibson Bank (Bank) for a fire loss to a building and personal property items insured under a standard fire insurance policy issued by U.S.F. & G. U.S.F. & G. contends that it is not liable to the insured because, among other reasons, the fire was the result of arson chargeable to the insured. U.S.F. & G. also seeks an adjudication that it is not liable to the Bank, the mortgagee listed on the policy, for items insured under the personal property coverage of the policy.

The Bank filed a counterclaim seeking to establish its right as mortgagee to recover under the policy for the personal property loss and has moved this Court for partial summary judgment as to U.S.F. & G's liability on this portion of the policy. U.S.F. & G. settled with the Bank for the amount due under the building coverage portion of the policy before this suit was filed and there is, therefore, no issue regarding coverage under the building portion of the policy in the motion now before this Court. For the limited purpose of this Motion, the Bank has stipulated that there is a question of fact as to Defendant Norman Ballard's right to recover under the policy which is the subject of this suit.

In the Motion for Partial Summary Judgment, the Bank contends that it is entitled as the mortgagee listed on the policy to an adjudication that U.S.F. & G. is liable to it under the personal property portion of that policy regardless of any defenses U.S.F. & G. might have against the named insured. The issue thus before this Court is limited to whether the protection of the mortgage clause in the U.S.F. & G. policy extends to personal property losses.

Under the terms of the policy in question, U.S.F. & G. insured the described building in the amount of $69,500.00. Separate coverage in the amount of $60,000 was provided as to the personal property located in that building. The policy was subsequently amended by endorsement to increase the coverage on the personal property to $100,000. Port Gibson Bank is named as loss payee in the mortgage clause on the declaration page of the policy. That clause states that "loss, if any, on *building items*, shall be payable to Port Gibson Bank...." (emphasis added). The parties apparently agree that if the term "building items" includes personal property, the Bank's right to recover for personal property losses under the policy is protected by the mortgage clause and is not subject to policy defenses against the named insured. If the term does not include personal property, then the Bank's rights as to such losses are subject to and limited by the rights of the insured.

The Bank argues that the mortgage clause is ambiguous because the term "building items" is not defined in the policy and that the ambiguity must be resolved against the insurer. While U.S.F. & G. concedes that the term "building items" is not separately defined in the policy, it notes that the word "building" is defined so as to precisely identify the items included under the building coverage of the policy. The pertinent provision of the policy reads as follows:

When the insurance under this policy covers "Building(s)", "Personal Property of the Insured", or "Personal Property of Others" such insurance shall cover in accordance with the following description(s) of coverage.

COVERAGE A—BUILDING(S): Building(s) or structure(s) shall include attached additions and extensions: fixtures, machinery and equipment constituting a permanent part of and pertain-

ing to the service of the building; yard fixtures; personal property of the named insured used for maintenance or service of the described building(s), including fire extinguishing apparatus, outdoor furniture, floor coverings and appliances for refrigerating, ventilating, cooking, dishwashing and laundering (but not including other personal property in apartments or rooms furnished by the named insured as landlord); all while at the described locations.

U.S.F. & G. contends that the terms "building items" as used in the mortgage clause clearly and unambiguously refers to those items specified in the definition of building coverage.

This Court agrees that the terms "building items" as used in the mortgage clause of a policy providing separate coverage for a building and personal property unambiguously limits the applicability of the mortgage clause to the coverage specified for the building. Cases relied upon by the Bank in support of contrary conclusion are distinguishable in that each of the policies construed in those cases provided insurance coverage limited to personal property/contents. *See, e.g., Business Development Corporation of Georgia, Inc. v. Hartford Fire Insurance Company,* 747 F.2d 628 (11th Cir.1984); *J.B. Kramer Grocery Co., Inc. v. Glenn Falls Insurance Co.,* 497 F.2d 709 (8th Cir.1974); *Hartford Fire Insurance Co. v. Associates Capital Corp.,* 313 So.2d 404 (Miss.1975). Neither the rationale nor the result in those decisions is dispositive in the instant case. In accordance with the above, Defendants' Motion for Partial Summary Judgment is denied.

Both Plaintiff and Defendant have moved to strike affidavits submitted with respect to Defendant's Motion for Partial Summary Judgment. Since the contested affidavit statements were not relevant to the Court's disposition of this Motion, the motions to strike those affidavits or portions thereof will not be considered and are dismissed as being moot.