PVCA, INC. AND RENOLA          *          NO. 2023-C-0342
EQUITY FUND, II, LLC
                               *

VERSUS                         *          COURT OF APPEAL
                               *
PACIFIC WEST TD FUND, LP,                  FOURTH CIRCUIT
ET AL                          *
                                          STATE OF LOUISIANA
                    * * * * * * *


                    APPLICATION FOR WRITS DIRECTED TO
                  ST. BERNARD 34TH JUDICIAL DISTRICT COURT
                        NO. 13-0134, DIVISION "0"
                        Honorable Darren M Roy,
                          * * * * * *
                      **Chief Judge Terri F. Love**
                          * * * * * *
(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins,
Judge Tiffany Gautier Chase)

**CHASE, J., DISSENTS WITH REASONS**

     Paul A. Tabary, III
     Elizabeth Borne
     3 Courthouse Square
     Chalmette, LA  70043

            COUNSEL FOR RELATOR


     Isaac H. Ryan
     Ike Ryan APLC
     1100 Poydras St., Suite 2905
     New Orleans,  LA  70163

            COUNSEL FOR RESPONDENT

                              **WRIT GRANTED; RELIEF DENIED**
                              **JUNE 26, 2023**

This matter involves whether a mortgagee/intervenor has an independent right to recover attorney's fees and costs against the insurer pursuant to La. R.S. 22:1892 for the insurer's failure to timely pay a property damage loss.

Relator, Louisiana Citizens Property Insurance Corporation ("LCPIC"), issued a commercial property insurance policy to Renola Equity Fund II, LLC ("Renola"). The policy named Respondent, Pacific West TD Fund, LP ("Pacific West"), as a mortgage holder. A January 13, 2020 judgment found LCPIC failed to make timely payments to the plaintiffs/insureds, Renola and PVCA, Inc. ("PVCA") after proof of loss. In the present writ application, LCPIC seeks supervisory writ review of the district court's May 19, 2023 judgment which granted the Motion for Partial Summary Judgment on Liability for Attorney's Fees of Pacific West and denied LCPIC's cross motion for summary judgment contesting Pacific West's entitlement to attorney's fees and costs.

The undisputed facts establish that the mortgageholders clauses under the policy included a standard mortgage clause. As discussed herein, Louisiana

1

jurisprudence holds that a standard mortgage clause provides Pacific West, as the mortgagee, with an independent right of recovery against Relator, the insurer, for attorney's fees and costs owed pursuant to La. R.S. 22:1892. Accordingly, we grant Relator's writ application and deny relief.

## PROCEDURAL AND FACTUAL HISTORY

Plaintiffs, Renola, the majority owner of Parkview Condominiums, and PVCA, the condominium association, filed suit against LCPIC, the insurer, for damages caused by Hurricane Isaac. Pacific West financed the property and intervened in the lawsuit as the mortgagee. The suit alleged that LCPIC failed to timely pay the actual damages incurred within the applicable statutory period. The jury rendered a verdict in favor of the plaintiffs, finding that LCPIC was arbitrary, capricious, and in bad faith for its failure to timely pay the amounts owed. This Court, in *PVCA, Inc. v. Pacific West TD Fund, LP*, 2020-0327 (La. App. 4 Cir. 1/20/21), 313 So.3d 320, ("*PVCA I*") affirmed the jury verdict and remanded the matter to determine attorney's fees and costs in accordance with the written stipulation among the parties to address attorney's fees at a post-trial contradictory hearing.

LCPIC filed a peremptory exception of *res judicata* to Pacific West's motion for attorney's fees and costs. It argued that that Pacific West was not entitled to attorney's fees because the jury verdict did not include a specific attorney's fee award to Pacific West; hence, once the judgment became final, all issues regarding attorney's fees and costs were barred. On appeal, this Court affirmed the district court's judgment granting Renola and PVCA attorney's fees and costs. However, it reversed and remanded that portion of the judgment which granted LCPIC's

2

exception of *res judicata*, finding that Pacific West's attorney fee claim had not been presented to the jury and referencing the stipulation amongst the parties—which included LCPIC and Pacific West—to reserve "all matters related to an award of attorney's fees and cost" for the district court to be decided in a post-trial contradictory hearing.[1] *See PVCA, Inc. v. Pacific West TD Fund, LP*, 2021-0753 (La. App. 4 Cir. 7/13/22), __So.3d__, 2022 WL 2712461, *unpub.* ("*PVCA II*"). The Louisiana Supreme Court denied writs from that judgment. *See PVCA, Inc. v. Pacific West TD Fund, LP*, 2022-01220 (La. 11/8/22), __So.3d__, 2022 WL 16757356 ("*PVCA III*").

On remand, Pacific West filed a Motion for Partial Summary Judgment on Liability for Attorney's Fees. Pacific West argued that it was an additional insured and ""loss payee" under LCPIC's policy with Renola. As such, it was entitled to attorney's fees and costs under La. R.S. 22:1892 based on the jury's finding that LPIC acted in bad faith by its failure to make timely payments.

LCPIC opposed Pacific West's summary judgment motion by filing its own cross motion for summary judgment asserting that Pacific West had no legal right to recover attorney's fees as a mortgagee. LPIC re-urged that Pacific West had not been awarded attorney's fees in the judgment and that it had paid all the required penalties and attorney's fees awarded by the jury verdict to Renola and PVCA. LCPIC

---

[1] The stipulation provided the following:

> Now into Court, comes PVCA, Inc., Renola Equity Fund II, LLC, Pacific West TD Fund, LP, and Louisiana Citizens Property Insurance Company Fair Plan who stipulate to the following:
>
> > The parties stipulate and agree that all matters related to an award of attorney's fees and cost shall be reserved and deferred to a post trial contradictory hearing decided by the Honorable Darren M. Roy and not by the jury.

asserted that the policy contained simple mortgage clauses and that as a matter of law, the only duty it owed to Pacific West as the mortgage holder was to include Pacific West's name on the check as a loss payee.

In its reply memorandum, Pacific West asserted that the LCPIC policy clearly identified Pacific West as "First Mortgagee" and also contained a standard mortgage clause, which required LCPIC to "pay the mortgagee even when the insurer contends the insured is denied coverage because of the insured's own acts." By the inclusion of a standard mortgage clause in the policy, Pacific West, relying on *May v. Market Ins. Ins. Co.*, 387 So.2d 1081 (La. 1980), contended that it was an "insured" under the policy and had an independent right to recover its own attorney's fees as authorized by La. R.S. 22:1892. Pacific West reiterated that the jury's finding that LCPIC was arbitrary, capricious, and in bad faith for its failure to pay amounts due under the policy within sixty days allowed Pacific West as an additional insured under the policy and as a party to the litigation to make an independent claim to recover its own attorney's fees and costs.

After a hearing on the summary judgment motions, the district court granted Pacific West's motion for summary judgment and denied LCPIC's cross motion for summary judgment. LCPIC timely filed notice of its intent to seek supervisory review.

## STANDARD OF REVIEW

Summary judgment is appropriate if the motion, memorandum, and supporting documents (pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions) show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art 966 (A)(3) and (4). Trial

4

court summary judgment determinations are reviewed *de novo*. *Schwarzenberger v. Louisiana State University Health Sciences Center New Orleans*, 2017-00214, pp. 9-10 (La. App. 4 Cir. 8/24/17), 226 So.3d 1200, 1207.

## DISCUSSION

The seminal issue presented by LCPIC in this case is a legal one—whether a commercial policy's mortgage clauses provide an intervening mortgagee, such as Pacific West, a right to attorney's fees under La. R.S. 22:1892, based on the insurer's bad faith in making payments to the insured mortgagor. Alternatively, and/or in conjunction therewith, LCPIC maintains it was legal error to grant Pacific West's motion for summary judgment because there was no specific judgment finding that LCPIC acted in bad faith in regards to Pacific West.

### *Simple v. Standard Mortgage Clauses*

In determining whether a mortgage clause provides a mortgagee with an independent right of recovery under La. R.S. 22:1892(B), we first examine the statute. La. R.S. 22:1892(B) provides:

> B.(1)(a) Except as provided in Subparagraph (b) of this Paragraph, *failure to make such payment within thirty days* after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4) of this Section, respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2) of this Section when such failure is found to be arbitrary, capricious, or without probable cause, *shall subject the insurer to a penalty*, in addition to the amount of the loss, of *fifty percent damages* on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, *payable to the insured*, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due *as well as reasonable attorney fees and costs*. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

(b) In the case of a presidentially or gubernatorially *declared disaster*, *failure to make such payment within thirty days* after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4) of this Section, respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2) of this Section when such failure is found to be arbitrary, capricious, or without probable cause, *shall subject the insurer to a penalty*, in addition to the amount of the loss, of *fifty percent damages* on the amount found to be due from the insurer to the insured, or two from thousand five hundred dollars, whichever is greater*, payable to the insured*, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due *as well as reasonable attorney fees and costs* or two thousand five hundred dollars, whichever is greater. The penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

(Emphasis added).

In *May v. Market Ins. Co.*, the Louisiana Supreme Court reviewed whether a mortgagee intervenor was entitled to attorney's fees from a defendant insurer found to have arbitrarily and capriciously failed to timely pay a claim after receiving proof of loss[2]. In determining that the intervenor was entitled to attorney's fees under

---

[2] *May* addressed the precursor to La. R.S. 22:1892, former La. R.S. 22:658, which, for purposes of this writ, was essentially the same, providing:

All insurers issuing any type of contract other than (life and health and accident insurance) shall pay the amount of any claim due any insured including any employee under (the workmen's compensation law) within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. *Failure to make such payment within sixty days* after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause*, shall subject the insurer to a penalty*, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due *and all reasonable attorney's fees* for the prosecution and collection of such amount. Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and

6

former La. R.S. 22:658, the precursor to La. R.S. 22:1892, the Court noted that in order to do so, it "must be an 'insured' within the meaning of said statute." 387 So.2d at 1083. In its analysis to determine whether the mortgagee intervenor was an insured, the Court opined:

> Intervenor's right to the insurance proceeds arises under the mortgage clauses of the several insurance policies. Mortgage clauses fall into two forms, the open or simple mortgage clause and the standard or union mortgage clause. The simple mortgage clause merely provides in effect that the proceeds of the policy shall be paid first to the mortgagee as his interest may appear; but the so-called standard or union mortgage clause is somewhat more specific in that it also provides that the mortgagee shall be protected against loss from any act or neglect of the mortgagor or owner, so that it shall not defeat the insurance so far as the interest of the mortgagee is concerned. Couch on Insurance § 42:648 (2d ed. 1963).

*May*, 387 So.2d at 1083.

The *May* Court determined that the mortgage clause at issue was a standard clause and that Louisiana jurisprudence recognizes that standard mortgage clauses create a separate insurance contract between the mortgagee and the insurer.[3]  *Id.* at 1084. Thus, the Court concluded, the mortgagee/intervenor was "an insured within

---

theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney's fees.

*May*, 387 So.2d at 1083 (Emphasis added).

[3] That mortgage clause provided, in pertinent part:

Loss or damage, if any, under this policy (on building) shall be payable to the mortgagee (or trustee) named in this policy, as its interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property nor by the occupation of the  premises for purposes more hazardous than are permitted by this policy. Provided that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.

*May*, 387 So.2d at 1083-184.

the meaning of La. R.S. 22:658 and as such entitled to penalties and attorney's fees from defendants . . . ." *Id.* at 1085.

The insurance contract in the present matter lists Renola as the "Named Insured." The "Commercial Property Interest Schedule" names Pacific West as the "First Mortgagee." The "mortgageholders" clauses provide the following:

2. Mortgageholders

    a.  The term mortgageholder includes trustee.

    b.  We will pay for covered loss of or damage to buildings or structures to each mortgageholder shown in the Declarations in their order of precedence, as interests may appear.

    c.  The mortgageholder has the right to receive loss payment even if the mortgageholder has started foreclosure or similar action on the building or structure.

    d.  If we deny your claim because of your acts or because you have failed to comply with the terms of this Coverage Part, the mortgageholder will still have the right to receive loss payment if the mortgageholder:

        (1)  Pays any premium due under this Coverage Part at our request if you have failed to do so;

        (2)  Submits a signed, sworn proof of loss within 60 days after receiving notice from us of your failure to do so; and

        (3)  Has notified us of any change in ownership, occupancy or substantial risk known to the mortgageholder.

All of the terms of this Coverage Part will then apply directly to the mortgageholder.

We find that sub-part d of the policy is a standard mortgage clause as it gives Pacific West a claim for proceeds even if a claim is denied due to Renola's failure to comply with the terms of the policy. Thus, as in *May*, Pacific West has an

independent claim from Renola, making it an insured under the contract, and giving it a right to recover attorney's fees pursuant to La. R.S. 22:1892.

### *Scope of January 13, 2020 Judgment*

LCPIC's argument that Pacific West is not entitled to attorney's fees because the judgment did not specifically name Pacific West lacks merit. In *PVCA II,* this Court overturned an exception of *res judicata*, determining that the issue of Respondent's entitlement to attorneys' fees had not been decided. In doing so, this Court noted a November 13, 2019 stipulation among the parties to determine attorney's fees and costs after trial. The instant writ derives from subsequent proceedings on the same issue. We additionally note that as an intervenor, Pacific West was a party to the underlying litigation and that the policy's standard mortgage clause established Pacific West as an additional insured with an independent right to collect attorney's fees for LCPIC's bad faith under La. R.S. 22:1892. Hence, as an insured under the policy and a party to the litigation with an independent right to collect its own attorney's fees incurred, we conclude that the jury's finding of bad faith against LCPIC was also conclusive as to Pacific West.

## CONCLUSION

This Court affirmed the January 13, 2020 judgment that all the elements were met for the insureds to collect attorney's fees, penalties, and costs allowed under La. R.S. 22:1892. The *May* case has established that a mortgagee with a standard mortgage clause is an additional insured and is entitled to recover attorney's fees under La. R.S. 22:1892. Here, subpart d of the policy's mortgageholder clauses is a standard mortgage clause as it states that "the mortgageholder will still have the right to receive loss payment" if a claim is denied based on the insured's lack of compliance with the policy's coverage terms. Thus, Pacific West is entitled to

9

collect its own attorney's fees incurred as allowed under La. R.S. 22:1892 based on LCPIC's adjudicated bad faith.

There are no genuine issues of disputed facts. As a matter of law, Pacific West is entitled to prove its independent claim for attorney's fees and costs. Based on our *de novo* review, the district court did not err in granting Pacific West's motion for summary judgment and denying LCPIC's motion for summary judgment on the issue of Pacific West's entitlement to attorney's fees. Accordingly, we grant LCPIC's writ application and deny relief.

**WRIT GRANTED; RELIEF DENIED**