450 So.2d 431 (1984)
Margaret C. WEEMS, Appellant,
v.
AMERICAN SECURITY INSURANCE COMPANY, Appellee.
No. 54792.
Supreme Court of Mississippi.
May 2, 1984.
*433 William J. Johnson, Clinton, for appellant.
David M. Sessums, Varner, Parker & Sessums, Vicksburg, for appellee.
Before WALKER, P.J., and HAWKINS and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This civil action has been brought by a mortgagee following a fire loss of the mortgaged and insured premises. The insurance company defended charging that there had been a material change of ownership or occupancy or a material increase of hazard, that the mortgagee had knowledge of these facts, and that the mortgagee failed timely to give notice of same.
A jury of the Circuit Court of Hinds County, Mississippi, returned a verdict in favor of the insurance company. On the evidence adduced at trial, we hold that a peremptory instruction should have been given in the insured mortgagee's favor. Accordingly, the judgment below is reversed, and this action is remanded for a determination of damages and such other proceedings as may be appropriate.

II.
On December 14, 1981, John C. Barlow contracted with American Security Insurance Company ("American Security") for fire insurance on Barlow's home in the amount of $245,000. American Security was the Defendant below and is the Appellee *434 here. The policy contained a standard mortgagee clause in favor of Margaret C. Weems. Mrs. Weems was the ex-mother-in-law of Barlow and was the holder of a $30,000 note from Barlow secured by a deed of trust on the home. Mrs. Weems was the Plaintiff below and is the Appellant here.
At the time the insurance contract was written Barlow was deeply in debt. Several judgments had been enrolled against him. A federal tax lien had been filed against him. He had been indicted on two counts of forgery. Vicksburg College, the operation of which had for the past ten years been Barlow's principal livelihood, had closed. At the time Barlow had no visible means of support.
On March 16, 1982, three months after the issuance of the policy in question, the insured premises burned to the ground. As mortgagee Mrs. Weems made claim on the policy. American Security denied the claim on grounds of an alleged change of condition or increase of hazard and the mortgagee's failure to notify the insurance company thereof. Specifically, American Security invokes the language of the policy, mandated by Miss. Code Ann. § 83-13-9 (1972), which provides
"The mortgagee (or trustee) shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void."
As revealed by the record, the facts relevant to whether the above quoted policy provision should be called into the play are these: First, on March 5, 1982, 11 days prior to the fire, Barlow pleaded guilty to the two counts of forgery and was sentenced to serve two four-year terms running concurrently with each other. Of course, Barlow vacated the residence immediately thereafter as he went to jail. The next day, March 6, 1982, American Security received knowledge that Barlow had vacated the premises and gone to jail. This information did not come from Mrs. Weems; rather, it was obtained when American Security's agent simply read about the matter in the newspaper. On March 6, 1982, the agent went to the jail to visit Barlow and advised Barlow that the policy would be cancelled. American Security in due course issued a notice of cancellation dated March 16, 1982, expressly providing that the policy would be cancelled on April 16, 1982.
The only other "changes" between December 14, 1981, the date the policy was originally issued, and March 16, 1982, the date of the fire, were (a) Barlow's status had changed from one merely indicted for forgery to one finally convicted of forgery and (b) Barlow had fallen even further behind on his debts.
In spite of this evidence, the jury rejected Mrs. Weems' claim and returned a verdict in favor of Defendant, American Security. Final judgment in favor of American Security was entered thereon. In due course Mrs. Weems' alternative motions for judgment notwithstanding the verdict or for a new trial were overruled. This appeal has followed.

III.
Appellant Weems' first assignment of error is that the trial court incorrectly saddled her with the burden of proving her compliance with the notice of change of circumstances or increase of hazard clauses of the policy. More specifically, Mrs. Weems argues that American Security's reliance upon this policy clause amounts to an affirmative defense and, as such, American Security bore the burden of proof with respect thereto. American Security answers by arguing that the matter is not an affirmative defense at all but rather a provision of the policy, compliance with which the claimant must show as a condition precedent to recovery.
At trial Mrs. Weems requested jury instruction C-2 which reads as follows:

*435 "The Defendant claims an affirmative defense which is explained in later instructions. The burden of establishing this affirmative defense by a preponderance of the evidence rests upon the Defendant."
This instruction was denied, and Mrs. Weems assigns this denial as error.
We agree with Mrs. Weems that American Security bore the burden of proving noncompliance with the notice of change of circumstances or increase of hazard provision of the policy. We are dealing here with a condition subsequent. Corbin on Contracts Section 739. The clause in question provides that the policy shall become null and void, i.e., extinguished, as it relates to the mortgagee only upon the happening of a certain event. A contract that is conditioned to become void on a specified event is one subject to a condition subsequent. The burden of proving a condition subsequent rests upon the party seeking to show that the condition has occurred and that the obligation has been voided.
The point ultimately is of little consequence. The trial court did instruct the jury as follows:
"If you believe from a preponderance of the evidence in this case that there was at the time of the fire in question, an increase in either the physical or the moral hazards which came to the attention of the plaintiff, Margaret C. Weems, and that she failed to notify the insurance company thereof prior to the fire loss in question, then it will be your sworn duty as jurors to return a verdict for the Defendant."
This instruction correctly placed upon American Security, as insurer, and as the party invoking the condition subsequent, the burden of proving by a preponderance of the evidence that the increase of hazard did occur, that it came to Mrs. Weems' knowledge, and that she willfully failed to notify the company thereof. The instruction should have gone further and placed a similar burden on American Security on the change of ownership or occupancy issue. This error is of no moment in view of the disposition we make below.

IV.
The ultimate question is whether there was, as a matter of law, an issue for the jury on the question of whether a change of circumstances or increase of hazard had occurred of which Mrs. Weems had knowledge and of which she failed to notify American Security. In reviewing this case, we are of course mindful of the familiar strictures on our power to review jury verdicts. We are faced here with a jury verdict in favor of American Security which necessarily requires that all fact questions be taken as having been resolved in favor of American Security.
The request for a peremptory instruction or the subsequent motion for a judgment notwithstanding the verdict tests the legal sufficiency of the evidence supporting the verdict. Either asks the court to hold, as a matter of law, that the evidence is insufficient to support a verdict in favor of the non-movant. Where such a request has been made, the trial court must consider all of the evidence  not just the evidence which supports the non-movant's case  in the light most favorable to the party opposed to the motion. The non-movant must also be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point so overwhelmingly in favor of the movant that reasonable men could not have arrived at a contrary verdict, granting the motion is required. On the other hand, if there is substantial evidence opposed to the motion, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied and the jury's verdict allowed to stand. See, e.g., General Tire and Rubber Co. v. Darnell, 221 So.2d 104, 105 (Miss. 1969); Paymaster Oil Co. v. Mitchell, 319 So.2d 652, 657 (Miss. 1975); City of Jackson v. Locklar, 431 So.2d 475, 478 (Miss. 1983).
*436 Before this familiar test may be applied, however, we must be clear of the primary rules which are to be applied to the facts. As indicated above, the issue tendered is predicated upon the policy language mandated by Section 83-13-9. This clause is known as the standard union mortgage clause. It has been construed by this Court to be a separate contract of insurance entered into between the mortgagee and the insuror. See Hennessey v. Helgason, 168 Miss. 834, 151 So. 724 (1934); Mechanics and Traders Insurance Company v. Boise, 114 Miss. 165, 74 So. 821 (1917); Bacot v. Phoenix Insurance Company, 96 Miss. 223, 50 So. 729 (1909). Under such a clause, the mortgagee is entitled to the proceeds of the policy and his right to recover will not be invalidated by the act or negligence of the mortgagor of the insured's property. No act or default of any person other than the mortgagee affects the rights of the mortgagee to recover in case of loss. Hartford Fire Insurance Company v. Associates Capital Corporation, 313 So.2d 404, 407 (Miss. 1975).
The clause requires the mortgagee to notify the insurance company of a change of ownership or occupancy or an increase of hazard which shall come to the attention of the mortgagee. We emphasize, first, that before there is any duty to notify, there must have been a "change" or an "increase". Unless one of these events has occurred, there can be no duty to notify and any failure of notification becomes of no consequence.
Second, before this condition subsequent shall be deemed to have occurred, the change of circumstances or increase of hazard must be substantial. By this we mean that the change must be such that the risk insured by the insurer is materially increased. See Wallace v. Employers Mutual Casualty Co., 443 So.2d 843, 849 (Miss. 1983). A slight or insignificant change or increase will not operate to activate the notice provision of the mortgagee clause.
Third, the change of circumstances or increase of hazard must have occurred after the effective date of the coverage. Wallace v. Employers Mutual Casualty Co., 443 So.2d 843, 849 (Miss. 1983). Circumstances and hazards existing at the time of coverage attaches, unless fraudulently concealed, are deemed known by the insurance company and risks incident thereto are deemed to have been considered and assumed.
Finally, the violation of this policy clause must have been a proximate cause of loss to the company; that is, the failure of the mortgagee to notify the insurance company of a material or substantial change of circumstances or increase of hazard must have been a proximate cause of the failure of the insurance company to cancel the policy or demand an increased premium. Where a substantial or material change of circumstances or increase of hazard has occurred and where the insurance company has actual and timely knowledge thereof, the failure of the mortgagee to provide knowledge cannot be said to have been the proximate cause of the insurer's failure to act to protect itself.
Having well in mind the above-described rules of law, as well as the standards by which we must consider the facts where a jury verdict has been returned, we are left with no doubt but that a peremptory instruction should have been granted the mortgagee, Mrs. Weems, on the change of circumstances or increase of hazard issue. Barlow was deeply in debt on March 16, 1982, the date of the fire, but he was also deeply in debt on December 14, 1981, the date of issuance of the policy. The fact that one in debt at the time of policy is issued some three months is even further behind on essentially the same obligations does not constitute a substantial or material increase of hazard. Wallace v. Employers Mutual Casualty Co., supra, 443 So.2d at 849.
Barlow's involvement with the forgery charge similarly does not constitute a material change or increase of hazard. At *437 the time the policy was issued, Barlow was under indictment. That he was subsequently convicted surely does not constitute in this context a change of circumstances or increase of hazard.
Finally, the fact that the premises had become vacant does not on these facts constitute a change within the meaning of the policy. Assuming arguendo that it does, the insurance company had knowledge of this change within 24 hours after it occurred. There is no way Mrs. Weems' failure, if any, to notify could have proximately caused or contributed to any loss suffered by the company. Indeed, the evidence reflects that within 24 hours of receiving notice that Mr. Barlow was in jail and that the premises had vacated American Security's agent gave verbal notice to Barlow that the policy was being cancelled.
By way of summary, we hold that on the uncontradicted facts of this case, no material or substantial increase of hazard within the meaning of Section 83-13-9 or the language of policy occurred. Furthermore, any change of ownership or occupancy which occurred became known to the insurance company within 24 hours after it occurred and the insurance company in fact took prompt action to cancel the policy. The failure, if any, of Mrs. Weems as mortgagee to give notice of change of ownership or occupancy could not possibly have been the proximate cause of any loss sustained by American Security Insurance Company.
The verdict of jury is hereby set aside. The judgment rendered by the circuit court is vacated. The case is remanded to the Circuit Court whereupon that Court shall direct in favor of Appellant, Margaret C. Weems, and against Appellee, American Security Insurance Company, a verdict on the claim asserted by Mrs. Weems under the policy in question and shall conduct such further proceedings, including those regarding damages as may be appropriate and not inconsistent with what we have said herein.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and SULLIVAN, JJ., concur.