# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 31, 2013

Lyle W. Cayce
Clerk

No. 12-60605
Summary Calendar

IDS PROPERTY CASUALTY INSURANCE COMPANY,

> Plaintiff–Appellant,

versus

CARRIE MEEKS,

> Defendant–
> Cross–Defendant–
> Appellee,

versus

MISSISSIPPI FARM BUREAU CASUALTY INSURANCE COMPANY,

> Defendant–
> Cross-Claimant–
> Appellant.

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CV-697

No. 12-60605

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Carrie Meeks filed insurance claims with two companies, IDS Property Casualty Insurance Company ("IDS") and Mississippi Farm Bureau Casualty Insurance Company ("Farm Bureau"), without telling either of her policy with the other. IDS and Farm Bureau sought a judgment declaring, as relevant here, that they were entitled to recover money paid to Meeks because she had violated her policies' concealment clauses, rendering the policies void. The companies appeal a mixed judgment based on a jury verdict. We amend the judgment and affirm it as amended.

## I.

In 2009, an oak tree crashed onto Meeks's home during a windstorm. Meeks had the tree removed, covered the hole with a tarp, and reported the damage to IDS and Farm Bureau but failed to inform either company of her policy with the other. Both companies began their investigations on April 6.

It was not until September 28 that Meeks told Farm Bureau about the IDS policy and not until October 7 that she informed IDS of the Farm Bureau policy. The companies learned of the existence of each other's policies by other means in late July, after they had paid Meeks $11,536.19 in duplicate payments for food spoilage, hotel bills, and other expenses. All told, IDS paid Meeks $68,531, a portion of which was paid to Chase Home Finance ("Chase"), her mortgagee. Farm Bureau paid Meeks $34,681.48, some of which was paid to Chase.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 12-60605

Meeks's policy with IDS contains a "concealment clause" that states, "This entire policy is void if an insured person has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, or acted fraudulently or made false statements relating to this insurance." Similarly, the Farm Bureau policy's concealment clause states, "This policy is void in any case of fraud by you as it relates to the policy at any time. It is also void if any 'insured' intentionally conceals or misrepresents a material fact" concerning the policy or a claim thereunder.

## II.

IDS asked for a declaratory judgment against Meeks and Farm Bureau, arguing that it had fulfilled its obligations to Meeks; Farm Bureau filed a counterclaim against IDS and a crossclaim against Meeks. After a four-day trial, the jury found that IDS and Farm Bureau owed no further obligations under their respective policies other than $24,224.46, which had been paid to Chase. The jury also returned a verdict in favor of Meeks but assessed her additional damages at $0.00 and further found that she had violated the concealment clauses.

At the close of trial, the companies moved for a declaration that the policies were void as a matter of law, so Meeks was obligated to reimburse them the amounts paid to her before they knew her home was doubly insured. Specifically, IDS and Farm Bureau requested an order declaring that Meeks was obligated to repay IDS $52,912.39 plus costs and Farm Bureau $26,611 plus costs. The court entered judgment "in favor of IDS and Farm Bureau on their claims and cross-claims and that Meeks take nothing" and pay costs.

Because the judgment said nothing explicitly about the duplicate payments and did not declare the policies void, the companies moved for an

No. 12-60605

amended judgment. Following a hearing, the court amended, awarding IDS and Farm Bureau $11,536.19—the amount of the duplicate payments—from Meeks. The amended judgment did not declare the policies void or order Meeks to reimburse the companies, who therefore appeal both the judgment and the refusal to enjoin Meeks from proceeding in a new and separate, but substantively identical, state-court lawsuit filed after the federal jury trial.

III.

We review for abuse of discretion a decision to amend a judgment. *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 549 & n.26 (5th Cir. 2003). A motion to amend "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotation marks and citation omitted). We also review for abuse of discretion a refusal to issue an injunction. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009).

IV.

IDS and Farm Bureau maintain that because the jury found that Meeks had violated the concealment clauses, the policies are void as a matter of Mississippi law. "The interpretation of an insurance policy is a question of law, not one of fact." *Noxubee Cnty. Sch. Dist. v. United Nat'l Ins. Co.*, 883 So.2d 1159, 1165 (Miss. 2004). "[U]nder Mississippi law, when the words of an insurance policy are plain and unambiguous, the court will afford them their plain, ordinary meaning and will apply them as written." *Id.*

No. 12-60605

The plain and unambiguous language of each policy provides that it is "void" if the insured intentionally conceals or misrepresents a material fact. In Mississippi, "[i]t is well established that [concealment] clauses . . . are reasonable and valid, and are to be given a reasonable interpretation. If breached, the insurer would be deprived of a valuable right for which it contracted." *Taylor v. Fireman's Fund Ins. Co.*, 306 So. 2d 638, 644 (Miss. 1974).[1]

The jury was properly instructed that, for a policy to be voided under a concealment clause, the insured's statements, representations, misrepresentations, or omissions must have been false, material, and knowingly and wilfully made. *See Clark v. Aetna Cas. & Sur. Co.*, 778 F.2d 242, 245 (5th Cir. 1985). The jury found that Meeks had violated the concealment clauses in both policies, which, as a matter of Mississippi law, rendered the policies void as to the windstorm loss. Therefore, because IDS and Farm Bureau were under no obligation to pay Meeks for her losses, she is obligated to reimburse IDS $52,912.39 and Farm Bureau $26,611.[2]

Meeks does not contend that the jury's finding was clearly erroneous, that concealment clauses are invalid or unenforceable under Mississippi law, or that the plain and unambiguous language of the policies does not render them void if the insured conceals a material fact. Instead, she asserts that the verdict was ambiguous, requiring a new trial. The district court denied Meeks's motion for a new trial, and she did not appeal or cross-appeal, so she

---

[1] *See also Watkins v. Cont'l Ins. Cos.*, 690 F.2d 449, 451 n.2 (5th Cir. 1982) (noting that concealment clauses are "far from new").

[2] Because this obligation includes all duplicate payments made by IDS and Farm Bureau, a separate award of $11,536.19, included in the amended judgment, is unnecessary and would be duplicative.

"cannot attack the district court's decree with a view either to enlarging [her] own rights thereunder or lessening the rights of [her] adversary." *Arvie v. Broussard*, 42 F.3d 249, 250 (5th Cir. 1994). This court cannot, therefore, grant a new trial.

Although we cannot order a new trial, "it is an elementary proposition, and the supporting cases too numerous to cite, that this court may affirm the district court's judgment on any grounds supported by the record." *Morales v. Thaler*, 714 F.3d 295, 302 n.3 (5th Cir. 2013), *petition for cert. filed* (U.S. May 10, 2013) (No. 13-59). Meeks's arguments about ambiguity in the verdict are therefore not irrelevant; she asserts that the district court did not declare the policies void, because it was attempting to reconcile the verdict with what it believed to be the jury's intent.

"The Seventh Amendment fashions [a] federal policy favoring jury decisions of disputed fact questions. Thus, the courts must attempt to reconcile the jury's findings, by exegesis if necessary." *Carr v. Wal-Mart Stores, Inc.*, 312 F.3d 667, 672 (5th Cir. 2002) (internal quotation marks and citations omitted, alteration in original). If the court was attempting to reconcile the jury's findings and conform the judgment to those findings by refusing to declare the policies void, it was unnecessary to do so.

There is no inconsistency between the jury's finding that IDS and Farm Bureau "owe[d] no further obligations under their respective [p]olicies other than $24,224.46" and finding that Meeks violated the concealment clauses. The former finding did not require the jury to infer, *contra* Meeks, that coverage under the policies was valid. IDS and Farm Bureau paid that sum not to Meeks but to Chase. Each policy contained a "union" or "standard mortgage clause" incorporated into every fire insurance policy pursuant to Mississippi Code Annotated § 83-13-9. Such clauses create "a separate contract of

insurance between the mortgagee and the insurer," *Lumbermens Mut. Cas. Co. v. Thomas*, 555 So. 2d 67, 69 (Miss. 1989), so "the mortgagee is entitled to the proceeds of the policy, and the mortgagee's right to recover will not be invalidated by the act or negligence of the mortgagor of the insured's property," *Hartford Fire Ins. Co. v. Assocs. Capital Corp.*, 313 So. 2d 404, 407 (Miss. 1975). That is to say, Chase's right to recover on the policies was not invalidated by Meeks's concealment of material information. The jury's finding that IDS and Farm Bureau owed no further obligations, except what they paid to Chase, is therefore not only consistent with but supports the jury's finding that Meeks violated the concealment clauses.

Likewise, there is no inconsistency between the jury's finding "for the [*sic*] Carrie Meeks in the amount of $0.00" and finding that she had violated the concealment clauses. The former finding was the jury's response to a question entirely separate from potential concealment, namely, whether Meeks had proven by preponderance of the evidence that additional damage was caused by the windstorm, rather than by her neglect, and, if so, how much. The jury's answer—that additional damage, albeit $0.00 in amount, was caused by the windstorm and not Meeks's neglect—is not inconsistent with the finding that she had violated the concealment clause. Because there was no inconsistency in the jury's findings, there was no reason for the district court to refrain from declaring the insurance policies void under Mississippi law based on the jury's finding that Meeks had violated the concealment clauses.

V.

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its

judgments." 28 U.S.C. § 2283. "The relitigation exception is intended to prevent state litigation of an issue that previously was presented to and decided by the federal court." *Moore*, 556 F.3d at 273 (internal quotation marks and citation omitted). For the relitigation exception to apply,

> (1) parties in the later action must be identical to or in privity with the parties in the previous action; (2) judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have concluded with a final judgment on the merits; and (4) the same claim or cause of action must be involved in both suits.

*Id.* IDS and Farm Bureau assert that, because Meeks's state-court suit meets all four parts of the relitigation test, the district court abused its authority by failing to enjoin Meeks from proceeding.

The conclusion does not follow from the premise. Assuming, *arguendo*, that this case falls squarely within the parameters of the relitigation exception, we cannot conclude, for that reason alone, that the court abused its discretion. "Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court . . . . So issuing an injunction under the relitigation exception is resorting to heavy artillery. For that reason, every benefit of the doubt goes toward the state court." *Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2375–76 (2011) (internal citation omitted). The insurance companies do not cite a case holding that a court abused its discretion merely by declining to exercise its authority to enjoin state-court proceedings. In light of the Anti-Injunction Act's "core message . . . of respect for state courts," *id.* at 2375, we cannot say that the district court abused its discretion by trusting the state court to apply the principle of *res judicata*.

No. 12-60605

## VI.

Based on the jury's finding that Meeks violated the concealment clauses, the policies are void as a matter of Mississippi law. IDS and Farm Bureau were under no obligation to pay $52,912.39 and $26,611, respectively, and are entitled to be reimbursed those amounts. We therefore AMEND the judgment to declare Meeks's insurance policies with IDS and Farm Bureau void as to the 2009 windstorm and to award $52,912.39 to IDS and $26,611 to Farm Bureau. Those amounts replace the $11,536.19 awarded by the district court. We make no other alterations to the judgment appealed from.[3] That judgment, as amended, is AFFIRMED.

---

[3] To the extent the judgment in favor of Meeks is inconsistent with the judgment as amended on appeal, we VACATE the judgment in favor of Meeks.